# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2025

Lyle W. Cayce
Clerk

No. 25-50227

Arieanna Mitchell,

*Plaintiff—Appellant*,

*versus*

H-E-B, L.P.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1273

_____

Before Jones and Engelhardt, *Circuit Judges*, and Summerhays, *District Judge*.[*]

Per Curiam:[**]

The district court granted summary judgment for Defendant H-E-B after concluding that Plaintiff Arieanna Mitchell's claim for denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") was untimely, adopting in full the Report and Recommendation of the

_____

[*] United States District Judge for the Western District of Louisiana, sitting by designation.

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Magistrate Judge. Mitchell appeals, arguing that the court ignored her claim for breach of fiduciary duty and erroneously applied the two-year time limit for ERISA Section 510 claims, 29 U.S.C. § 1140, rather than the three- or six-year time limit for ERISA breach-of-fiduciary-duty claims. *Compare Lopez ex rel. Estate of Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507 (5th Cir. 2004) ("Texas's two-year statute of limitations for wrongful discharge and discrimination applies to section 510 [29 U.S.C. § 1140]." (citing *McClure v. Zoecon, Inc.*, 936 F.2d 777, 778–79 (5th Cir. 1991))), *with* 29 U.S.C. § 1113 (requiring that breach-of-duty claims be brought within six years of the breach or three years after plaintiff had "actual knowledge" of the breach).

Typically, we review grants of summary judgment de novo. *James v. Smith*, 152 F.4th 594, 602 (5th Cir. 2025). "However, when the district court has not made an independent review of the record, failure to object to an issue in the Magistrate Judge's Report and Recommendation, when warned of the requirement to file timely objections, results in plain-error review applying to that issue when raised in our court." *Id.* at 603 (citation modified); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Here, plain-error review applies because Mitchell chose not to object to the Report and Recommendation despite being warned of the consequences.

Mitchell's contention that the district court improperly disregarded her supposed breach-of-fiduciary-duty claim and applied the wrong limitations period fails for two reasons. First, Mitchell forfeited this argument by failing to raise it in the district court. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021). In response to H‑E‑B's argument that the two-year limitations period had run on her Section 510 claim, Mitchell responded that Section 413 governed and set the time limit at three or six

years, depending on her knowledge of the breach. *See* 29 U.S.C. § 1113.[1] But nowhere in Mitchell's briefing did she argue that she asserted a claim for breach of fiduciary duty, as she argues now. Accordingly, her argument is forfeited.

Second, even if Mitchell did not forfeit this argument, it would fail nonetheless because she did not allege that H-E-B breached its fiduciary duty. In her complaint, Mitchell asserted a single cause of action for "denial of benefits." The only provision she cited as the basis for H-E-B's liability was Section 510, which makes it "unlawful for any person to discharge . . . a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." *Id.* § 1140. Elsewhere, Mitchell cited Section 502(a)(1)(B) to explain that ERISA empowers a plaintiff to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* § 1132(a)(1)(b). However, she curiously failed to mention the next sentence of the statute, which authorizes a plaintiff to sue for breach of fiduciary duty. *See id.* § 1132(a)(2).

The closest Mitchell came to even implicitly raising a claim for breach of fiduciary duty is her assertion that, "[a]s a fiduciary of the plan, Defendant, its employees, agents, and/or representatives were responsible for the proper

---

[1] As the district court correctly noted, Section 413 applies only to certain breach-of-fiduciary-duty claims—not Section 510 claims. 29 U.S.C. § 1113 ("No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.").

disbursements and application of benefits for which Plaintiff was entitled to receive." Immediately after that sentence, however, she alleged that "Defendant terminated Plaintiff's employment and benefits *for the purpose of interfering with the attainment of rights* under the [H-E-B] Work Injury Benefit Plan and Return to Work Program, in violation of ERISA *Section 510, 29 U.S.C § 1140*." If this was an attempt to assert a claim for breach of fiduciary duty, the lede is indeed buried deep by Mitchell's express cite to and quotation of an entirely different provision.

Because no allegation indicates that Mitchell was bringing a claim for breach of fiduciary duty, Mitchell failed to provide H-E-B fair notice of any such claim. *See Sims v. City of Madisonville*, 894 F.3d 632, 643 (5th Cir. 2018) ("A properly pleaded complaint must give fair notice of what the claim is and the grounds upon which it rests." (citation modified)). Therefore, the only properly raised claim in her complaint was brought pursuant to Section 510, which has a two-year limitations period. *See Lopez*, 389 F.3d at 507. Since Mitchell filed suit more than two years after she was terminated, the court correctly determined that her claim was untimely. *See id.*

The judgment of the district court is AFFIRMED.